## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARN 11, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SPECTRUM GLOBAL SOLUTIONS, INC.,<br><br>　　　　　　Defendant. | Civil Action No.　1:20cv4113<br><br>**COMPLAINT** |

Plaintiff, Barn 11, LLC ("*Plaintiff*" or "*Barn 11*"), hereby claims of the Defendant, Spectrum Global Solutions, Inc. ("*Defendant*" or "*SGS*") and says:

### JURISDICTION & VENUE

1. Venue is laid pursuant to and in accordance with the forum selection clause contained in the Note, which provides that each party agrees that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by any of the Transaction Documents shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan.

2. This court possesses jurisdiction over this matter pursuant to the agreement by Defendant whereby Defendant irrevocably submitted to the exclusive jurisdiction of the state and federal courts sitting in the City of New York, Borough of Manhattan, for the adjudication of any dispute under the Note. This court also possesses jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, and is between citizens of different states.

**GENERAL ALLEGATIONS**

3. Plaintiff, Barn 11, LLC is a limited liability company formed under the laws of the State of Delaware, with a principal place of business 156 Saddle River Road, Saddle River, New Jersey 07458.

4. Defendant, Spectrum Global Solutions, Inc. is a corporation formed under the laws of Nevada with its principal place of business at 300 Crown Oak Centre Drive, Longwood, Florida 32750.

**SPECIFIC ALLEGATIONS**

**I.  The Note**

5. On February 21, 2018, Defendant executed the Note in which Defendant promised to pay to Plaintiff the principal amount of $500,000, together with interest to accrue on the unpaid principal at a rate of 6% per annum, by January 15, 2019.

6. Pursuant to Section 2(c) of the Note, all overdue accrued and unpaid interest shall entail a late fee at an interest rate equal to the lesser of 10% per annum or the maximum rate permitted by applicable law which shall accrue daily from the date such interest is due thereunder through and including the date of actual payment in full.

7. Section 6(a) of the Note provides that it is an event of default of the Note whereby Defendant fails to make payment of (A) the principal amount of any Note or (B) interest, liquidated damages, Late Fees and other amounts owing to Plaintiff, as and when the same shall become due and payable, which default, solely in the case of an interest payment or other default under clause (B) above, is not cured within three (3) Trading Days.

8. Section 6(b) of the Note provides that in the event of a default, the outstanding principal amount of the Note of $500,000, plus accrued interest, shall become, at Barn 11's

election, immediately due and payable in cash at the Mandatory Default Amount, which is defined to mean "the payment of 115% of the outstanding principal amount of the Note and accrued and unpaid interest thereon, in addition to the payment of all other amounts, costs, expenses, late fees, and liquidated damages due in respect of this Note and (b) the Make-Whole Amount."

9. Section 6(b) of the Note further provides that Plaintiff need not provide, and Defendant waived, any presentment, demand, protest or other notice of any kind, and that Plaintiff may immediately and without expiration of any grace period enforce any and all of its rights and remedies under the Note and all other remedies available to it under applicable law.

10. Section 8(d) of the Note provides that all questions concerning the construction, validity, enforcement and interpretation of the Note shall be governed by and construed and enforced in accordance with the internal laws of the State of Nevada, without regard to the principles of conflict of laws thereof.

11. Section 8(d) of the Note also provides that if any party shall commence an action or proceeding to enforce any provisions of the Note, then the prevailing party in such action or proceeding shall be reimbursed by the other party for its attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of such action or proceeding.

## II. **Defendant Defaults Under the Note**

12. Defendant has defaulted under the Note in this regard, as Defendant has failed to pay the principal amount of the Note as well as the interest accrued thereon by January 15, 2019.

## COUNT ONE

### (Breach of Promissory Note)

13. Plaintiff repeats and realleges each of the allegations in paragraphs 1 through 12 of the Complaint as if fully set forth at length herein.

14. The Note constitutes a valid and enforceable contract between the parties.

15. Plaintiff is the legal owner and holder of the Note, and Defendant is the maker of the Note.

16. Defendant materially breached the Note by failing to pay the principal amount plus accrued interest due on January 15, 2019.

17. Under the terms of the Note, Defendant is obligated to immediately pay to Plaintiff the Mandatory Default Amount, defined as 115% of the outstanding principal amount of the Note and accrued and unpaid interest thereon, in addition to the payment of all other amounts, costs, expenses, late fees, and liquidated damages due in respect of the Note.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in an amount to be determined, along with all reasonable attorneys' fees and costs incurred in this action, and for such other relief as this court deems fair, equitable and just.

## COUNT TWO
**(Breach of Duty of Good Faith and Fair Dealing)**

18. Plaintiff repeats and realleges each of the allegations in paragraphs 1 through 17 of the Complaint as if fully set forth at length herein.

19. Defendant owed Plaintiff a duty of good faith and fair dealing in connection with its performance under the Note.

20. Defendant breached its duty of good faith and fair dealing by failing and refusing to pay the amounts due under the Note.

21. As a result of Defendant's egregious bad faith, Plaintiff has been and will continue to be substantially damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount to be determined, along with all reasonable attorneys' fees and costs incurred in this action, and for such other relief as this court deems fair, equitable and just.

### COUNT THREE
### (Account Stated)

22. Plaintiff repeats and realleges each of the allegations in paragraphs 1 through 21 of the Complaint as if fully set forth at length herein.

23. Defendant is indebted to Plaintiff in the amount of the Mandatory Default Amount, as defined in the Note.

24. Defendant did promise to pay Plaintiff.

25. Plaintiff has demanded said monies due and owing to it from Defendant.

26. Defendant has failed and refused to pay said sum.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount to be determined, along with all reasonable attorneys' fees and costs incurred in this action, and for such other relief as this court deems fair, equitable and just.

By: /s Matthew N. Fiorovanti

Matthew N. Fiorovanti
**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank NJ 07701-6777
(732) 741-3900
(732) 224-5482 Fax
mfiorovanti@ghclaw.com
*Attorneys for Plaintiff, Barn 11 LLC*

DATED:  May 28, 2020

Docs #4386798-v1